The order appealed from should be affirmed, with $10 costs.

---

## OLNEY *a.* OLNEY.

*Supreme Court, First District; Special Term, July,* 1858.

VERIFICATION IN ACTION FOR DIVORCE.—ACT OF 1854.

The provision of the act of 1854 (*Laws of* 1854, 153), dispensing with verification, " in all cases where the party called upon would be privileged from testifying as a witness to the truth of any matter denied" by his pleading, applies only to cases where the party could be privileged from testifying for his own protection, and at his option, and not to cases where the party would not be permitted to testify, by a prohibition of law founded on grounds of public policy.

In an action for divorce, the answer must be verified if the complaint is, although the latter charges the defendant with adultery.

Motion to strike out an answer.

The complaint, which was for divorce, and charged the defendant with adultery, was verified. The defendant served an answer denying the charges, without verification, and without

notice of any reason for omitting it, and the plaintiff moved to strike out the answer for that reason.

*Lucius S. Comstock*, for the motion.—I. When the complaint is verified, the answer must be, or the reason given for omitting the verification.

II. The law of 1854, excusing "privileged witnesses," does not refer to husband and wife: they are rather *prohibited*, not *privileged*.

III. The settled rule that husband and wife cannot be witnesses for or against each other, is applicable when the action is between either husband or wife, or both, and other persons; but does not apply where the controversy is *between themselves*, as for divorce.

IV. The defendant, being competent as a witness, must verify the answer, or give a sufficient reason for refusing.

*Benton, Northrop & Van Wagener*, opposed.—The act of 1854 dispenses with the verification in this case. In an action between husband and wife, although the language of the Code as amended seems broad enough to cover such a case, yet it was not the intention of the Legislature to make an innovation so dangerous upon the rules of the common law relating to husband and wife, as to allow them to testify against each other. (Smith *a.* Smith, 15 *How. Pr. R.*, 165.) The husband or wife are not bound to verify their answer in the action by the other against them, although the complaint is verified. (Sweet *a.* Sweet, 15 *Ib.*, 169; and see 5 *Barb.*, 156; and 8 *How. Pr. R.*, 297; and *Constitution of* 1846, Art. 1, § 6.)

CLERKE, J.—The law of 1854 does not apply to a case where the party would not be *permitted* to testify at the trial: it applies only where he would be *privileged* for his own protection, and at his own option.

The law prohibits a wife or husband from testifying for or against each other on grounds of public policy, and not for the purpose of protecting either from any personal consequences arising from the facts which the evidences if given in the particular case may disclose. The answer must be verified.

Motion granted, with $5 costs.